# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | CLASS ACTION |
| ) | |
| CAS MEDICAL SYSTEMS, INC., ALAN W. MILINAZZO, PAUL A. MOLLOY, THOMAS S. PATTON, GREGORY P. RAINEY, JAMES E. THOMAS, KATHLEEN A. TUNE, and KENNETH R. WEISSHAAR, ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on February 12, 2019 (the "Proposed Transaction"), pursuant to which CAS Medical Systems, Inc. ("CAS Medical" or the "Company") will be acquired by Edwards Lifesciences Corporation and its affiliates (together, "Edwards").

2. On February 11, 2019, CAS Medical's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Edwards Lifesciences Holding, Inc. and Crown Merger Sub, Inc. Pursuant to the terms of the Merger Agreement, CAS Medical's stockholders will receive $2.45 in cash for each share of CAS Medical common stock they hold.

3. On March 1, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of CAS Medical common stock.

9. Defendant CAS Medical is a Delaware corporation and maintains its principal executive offices at 44 East Industrial Road, Branford, Connecticut 06405. CAS Medical's

common stock is traded on the NASDAQ Capital Market under the ticker symbol "CASM." CAS Medical is a party to the Merger Agreement.

10. Defendant Alan W. Milinazzo a director of the Company.

11. Defendant Paul M. Molloy a director of the Company.

12. Defendant Thomas M. Patton is Chief Executive Officer, President, and a director of the Company.

13. Defendant Gregory P. Rainey is a director of the Company.

14. Defendant James E. Thomas is a director of the Company.

15. Defendant Kathleen A. Tune is a director of the Company.

16. Defendant Kenneth R. Weisshaar a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of CAS Medical (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

19. This action is properly maintainable as a class action.

20. The Class is so numerous that joinder of all members is impracticable. As of February 11, 2019, there were approximately 29,263,989 shares of CAS Medical common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

21. Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

22. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

23. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

24. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

25. CAS Medical is a medical technology company that develops, manufactures, and markets non-invasive cerebral and tissue oximeters used in patient monitoring.

26. CAS Medical's principal products are the FORE-SIGHT® and FORE-SIGHT ELITE® brand tissue oximeters and sensors. These products alert clinicians to the oxygenation

levels of a patient's brain or other body tissue during medical procedures to avoid harm caused by insufficient oxygen, otherwise known as hypoxia.

27. On February 11, 2019, CAS Medical's Board caused the Company to enter into the Merger Agreement with Edwards.

28. Pursuant to the terms of the Merger Agreement, CAS Medical's stockholders will receive $2.35 in cash for each share of CAS Medical common stock they hold.

29. According to the press release announcing the Proposed Transaction:

> Edwards Lifesciences Corporation (NYSE: EW), the global leader in patient-focused innovations for structural heart disease and critical care monitoring, today announced that it has entered into a definitive merger agreement to acquire CAS Medical Systems, Inc. (NASDAQ: CASM) (CASMED), a medical technology company dedicated to non-invasive monitoring of tissue oxygenation in the brain.
>
> Edwards will acquire CASMED in an all-cash transaction for $2.45 per share of Common Stock, or an equity value of approximately $100 million. . . .
>
> As a condition to the closing of the transaction, each holder of CASMED's Series A Convertible Preferred Stock or Series A Exchangeable Preferred Stock will agree to convert such stock into shares of CASMED's Common Stock, and upon the closing, those holders will be entitled to receive the transaction consideration as holders of Common Stock. The acquisition is expected to close in the second quarter of 2019 and is subject to the satisfaction of customary closing conditions, including expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and approval by CASMED's stockholders.
>
> XMS Capital Partners is serving as financial advisor to Edwards and Pepper Hamilton LLP is serving as Edwards' legal advisor. William Blair & Company L.L.C. is serving as financial advisor to CASMED and Wiggin and Dana LLP is serving as CASMED's legal advisor.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

30. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

31. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction.

32. The Proxy Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, William Blair & Company L.L.C. ("William Blair").

33. With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate EBITDA and EBIT; (ii) unlevered free cash flow and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

34. With respect to William Blair's Selected Publicly Traded Companies Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by William Blair in the analysis.

35. With respect to William Blair's Selected Precedent Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by William Blair in the analysis.

36. With respect to William Blair's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the projected unlevered future free cash flows used by William Blair in the analysis; (ii) the terminal value of the Company; (iii) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 13.0% and the perpetuity growth rates ranging from 3.0% to 5.0%; (iv) William Blair's basis for using exit multiples ranging from 3.00x to 5.00x; (v) the Company's net debt; and (vi) the Company's total diluted outstanding shares.

37. With respect to William Blair's M&A Premiums Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed by William Blair in the analysis; and (ii) the premiums paid in the transactions.

38. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39. Second, the Proxy Statement omits material information regarding potential conflicts of interest of William Blair.

40. The Proxy Statement fails to disclose whether William Blair has provided past services to any parties to the Merger Agreement or their affiliates, as well as the timing and nature of the services and the amount of compensation received by William Blair for the services.

41. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

42. Third, the Proxy Statement fails to disclose whether the Company entered into any non-disclosure agreements that contained standstill and/or "don't ask, don't waive" provisions that are or were preventing the counterparties from submitting superior offers to acquire the Company.

43. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

44. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy

Statement: (i) Background of the Merger; (ii) Reasons for the Merger; (iii) Recommendation of Our Board of Directors; (iv) Opinion of William Blair & Company, L.L.C.; and (v) Certain Financial Forecasts.

45.     The omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and CAS Medical

46.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  CAS Medical is liable as the issuer of these statements.

48.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

49.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

50.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

51. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

52. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants acted as controlling persons of CAS Medical within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of CAS Medical and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

58. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

59. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 7, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com